*1831.*

*Fulton Bank*
*v.*
*N. Y. and Sharon Canal Co.*

---

## THE FULTON BANK *vs.* THE NEW-YORK AND SHARON CANAL COMPANY.

*After a decree by a vice chancellor awarding a perpetual injunction against a suit at law, the chancellor will not, pending an appeal from that decree, modify the injunction, so as to permit the appellant to proceed to trial and judgment without prejudice to the rights of the complainant.*

WHILE this cause was pending, and before the hearing, an injunction granted therein had been so far modified as to permit the defendants in this suit to proceed to trial and judgment at law without prejudice to the complainants' equitable rights. The defendants proceeded to trial at law, and on that trial were nonsuited. Afterwards this cause was brought to a hearing before the vice chancellor of the third circuit, and a perpetual injunction was decreed, restraining the defendants from proceeding at law. They appealed from the decision of the vice chancellor, which apppeal is still pending. A new trial having been awarded in the suit at law by the supreme court, the appellants now applied to modify the

*October 31.*

decree of the vice chancellor, so as to permit them to proceed to trial and judgment at law, pending the appeal before the chancellor.

*J. Hoyt,* for the complainants.

*S. P. Staples,* for the appellants.

THE CHANCELLOR. This cause having been heard and decided by the vice chancellor upon the merits, and a perpetual injunction being awarded by him, that decision in the present state of this suit must be presumed to be correct notwithstanding the appeal. It would, therefore, be improper to subject the complainants to the expense of another trial at law, for which the court has no means of indemnifying them if the decree of the vice chancellor should be simply affirmed. In this case the appellants will be deprived of no right, if the proceedings at law are stayed until the decision of the cause on the appeal. Before decree the plaintiff at law ought not to be delayed from proceeding to judgment merely on account of a disputed equity, and where the complainant in this court cannot be prejudiced by such a proceeding. But after a decree of this court establishing such equity, the situation of the parties is materially altered ; and it must be a very special case which will authorize the court to subject the party in whose favor such decree is made to the expense of a trial at law, pending an appeal. In this case no particular necessity for such a proceeding is shewn, and the court cannot upon the mere suggestion that an appeal has been brought grant this application.

The petition must therefore be dismissed, with costs.